

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| CASE NUMBER | 12 C 1500 | DATE | 3-15-12 |
| CASE TITLE | Cleve Jones (#2012-0129019) vs. Officers of Record, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. The plaintiff's motion "to accept affidavit as proof of indigence" [#4] is denied as moot. The plaintiff must pay the full statutory filing fee of $350.00 within fourteen days of the date of this order. Failure to pay the $350.00 filing fee within fourteen days will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. However, a review of the court's docket reveals that the plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least four of Mr. Jones' previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Jones v. Beidenhorn*, Case No. 94 C 4564 (N.D. Ill.), dismissed on preliminary review by Minute Order of August 8, 1994 (Zagel, J.); *Jones v. McKeigue*, Case No. 95 C 3650 (N.D. Ill.), dismissed on preliminary review by Minute Order of August 9, 1995 (Moran, J.); *Jones v. Lieberman*, Case No. 95 C 3561 (N.D. Ill.), dismissed on preliminary review by Minute Order of July 6, 1995 (Leinenweber, J.);

(CONTINUED)   mjm

| STATEMENT |
|---|

and *Jones v. Julian*, Case No. 96 C 1272 (N.D. Ill.), dismissed on preliminary review by Minute Order of March 18, 1996 (Alesia, J.).

Numerous courts have considered the retroactive application of Section 1915(g) on civil actions filed by prisoners. The courts have uniformly held that pre-PLRA dismissals should be counted as "strikes." *See Lucien v. Jockisch,* 133 F.3d 464, 469 (7th Cir. 1998); *Tierney v. Kupers,* 128 F.3d 1310 (9th Cir. 1997); *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996); *Green v. Nottingham,* 90 F.3d 415 (10th Cir. 1996).

The plaintiff's current complaint, which essentially concerns allegations of false arrest, illegal search, malicious prosecution, and purported *Brady* violations by Chicago police officers, does not involve imminent danger of serious physical injury. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350.00 filing fee.

For the foregoing reasons, the court therefore denies the plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If the plaintiff fails to pay the $350.00 filing fee within fourteen days, the court will enter judgment dismissing this case in its entirety. *See* Local Rule 3.3(e) (N.D. Ill).