Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| CASE NUMBER | 12 C 1500 | DATE | 5/10/12 |
| CASE TITLE | Cleve Jones (#2012-0129019) vs. Officers of Record, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for "extension of time, verbal hearing, and to reconsider" [#7] is granted in part and denied in part. The plaintiff's motion for reconsideration of i.f.p. status is denied; however, he is granted an extension of time until May 29, 2012, to pay the statutory filing fee. Failure to pay the $350.00 filing fee by May 29, 2012, will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill). The clerk is directed to update the docket to reflect the plaintiff's current address: 1435 Ellis / Ford Heights, Illinois 60411.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, Cleve Jones, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff alleges that private citizens made a false police report, and that Chicago police officers falsely arrested him, conducted an illegal search, subjected him to a malicious prosecution, and committed *Brady* violations.

By Minute Order of March 15, 2012, the court denied the plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The plaintiff asks the court to reconsider, reporting that he has been released from jail and earns only $200.00 a month. However, because (a) the plaintiff was incarcerated when he initiated suit and (b) this case does not involve imminent danger of serious physical injury, the plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

The plaintiff cannot challenge the prior dismissals in the context of this lawsuit. If the plaintiff disagreed with the disposition of any of those cases, his only avenue was to appeal; as he did not do so, the previous strikes remain in effect. Furthermore, the plaintiff misinterprets Seventh Circuit precedent as requiring prior notice that he has struck out. "[W]hether a prisoner is disqualified under § 1915(g) must be determined by the court in which the fourth action is filed." *Gleash v. Yuswak*, 308 F.3d 758, 762 (7th Cir. 2002) (citing *Evans v. Illinois Department of Corrections*, 150 F.3d 810 (7th Cir.1998)). The court's Minute Order of March 15, 2002, gave the plaintiff notice that he had struck out and gave him the opportunity to pay the filing fee. The plaintiff is **(CONTINUED)**

mjm

U.S. DISTRICT COURT

2012 MAY 14 AM 6:59

FILED

| | STATEMENT |
|---|---|

entitled to no more. Indeed, the plaintiff is now on notice that, in the event of his re-incarceration, any future lawsuit must be accompanied by payment of the full filing fee (in the absence of imminent danger of serious physical injury). *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

However, the plaintiff's request for an extension of time is granted. The plaintiff is granted an extension of time until May 29, 2012, to pay the statutory filing fee.

For the foregoing reasons, the plaintiff's motion for verbal hearing and for reconsideration is denied. The motion is granted insofar as the plaintiff seeks an extension of time to pay the filing fee. If the plaintiff fails to pay the $350.00 filing fee by May 29, 2012, the court will enter judgment dismissing this case in its entirety. *See* Local Rule 3.3(e) (N.D. Ill).

As a final concern, the plaintiff is reminded that he is required to provide the court with the original plus a judge's copy of every document filed.